CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 5 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GREGORY REGINALD AZEEZ, <br> Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:16-cv-00369 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| J. W. CARICO, et al., <br> Defendants. | ) <br> ) <br> ) | By: Hon. Michael F. Urbanski <br> United States District Judge |

Gregory Reginald Azeez, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming various staff of the Wallens Ridge State Prison as defendants. Plaintiff complains that he was kept in segregation before and after being acquitted of an institutional charge. The court conditionally filed the complaint, warned Plaintiff that the complaint failed to state a claim upon which relief may be granted, and granted Plaintiff the opportunity to file an amended complaint. This matter is now before the court for screening pursuant to 28 U.S.C. § 1915A. After reviewing the amended complaint, the court finds that it fails to state a claim on which relief may be granted, and it is dismissed.

I.

A fight involving numerous inmates started near where Plaintiff was exercising in the prison. Plaintiff moved away from the melee and complied with officers' orders for all inmates to lie on the floor. Later that day, Plaintiff told investigators that he was not involved with the melee. Despite his denial, staff moved Plaintiff to segregation, and defendant Boyd charged him with the institutional infraction of "fighting with any person." Defendant Carico reported the charge, defendant Stallard approved the charge, and defendant Gillenwater was a witness in support of the charge. Defendants King and Collins approved changing Plaintiff's classification to pre-hearing segregation during the pendency of the charge.

Defendant Hensly conducted the disciplinary hearing, reviewed the video recording of the melee, and found Plaintiff innocent of the charge. Nevertheless, Plaintiff remained in segregation for fourteen days after Hensley dismissed the charge, for a total of twenty four days in segregation. Plaintiff argues that this time in segregation violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

## II.

The court must dismiss an action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274,

2

The amended complaint fails to state a claim upon which relief may be granted because Plaintiff has not stated a deprivation of a federal right. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988) (noting that to state a claim under § 1983, a plaintiff must allege the violation of a federal right and must show that the alleged deprivation was committed by a person acting under color of state law). While Plaintiff complains generally about the temporary stay in segregation, he does not describe how the housing assignment violated the Equal Protection or Due Process Clauses of the Fourteenth Amendment.

The Due Process Clause does not protect every change in the conditions of confinement that has substantial and adverse impact on the prisoner. Sandin v. Conner, 515 U.S. 472, 478 (1995). In Sandin, the Supreme Court rejected the prisoner's claim that he enjoyed a liberty interest in avoiding confinement in punitive segregation for thirty days. Id. at 487. The Court concluded that thirty days in segregation "did not present the type of atypical [and] significant deprivation in which a State might conceivably create a liberty interest." Id. at 486.

Like in Sandin, Plaintiff fails to describe either that being in segregation exceeded his imposed sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or both that the confinement created an atypical or significant hardship and the state had granted Plaintiff a protected liberty interest in remaining free from that confinement or restraint via regulation or statute. See id. at 483-84; cf. Incumaa v. Stirling, 791 F.3d 517, 520 (4th Cir. 2015) (holding a prisoner's twenty-year assignment to segregation is an atypical and significant hardship in relation to the general population and implicates a liberty interest in avoiding detention). Unlike the plaintiff in Dilworth v. Adams, __ F.3d __, 2016 WL

---

1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3

6575076, 2016 U.S. App. LEXIS 20039 (4th Cir. 2016), Plaintiff is not a pretrial detainee, and he received a hearing that resulted in the charge's dismissal. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979) (noting a pretrial detainee retains a liberty interest in freedom from "punishment"). Furthermore, Plaintiff cannot rely on labels and conclusions to set forth an equal protection claim. See, e.g., Twombly, 550 U.S. at 555. Moreover, Plaintiff cannot succeed on a claim of supervisory liability where there is no underlying deprivation of a federal right. See, e.g., Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Accordingly, the amended complaint fails to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, the court dismisses the amended complaint for failing to state a claim upon which relief may be granted.

ENTER: This 2nd day of December, 2016.

/s/ Michael F. Urbanski
United States District Judge